# Marbury Lumber Company, *et al. v.* Wainwright.

*Action for Damages for Assault and Battery.*

(Decided April 20, 1907. 43 So. Rep. 733.)

1. *Assault and Battery; Action; Amendment.*—Plaintiff was properly permitted to amend a complaint, in an action to recover for an assault upon her and her wrongful ejection from certain premises, by alleging that the acts were willful; by inserting after the names of one of the defendants, a corpor-

, ation, the words "in all things acting by and through its servants, agents and employes," and by striking out the word, "assaulted" and inserting the words "committed an assault and battery on the plaintiff".

2. *Same; Limitation of Action.*—Under section 2796, Code 1896, an action for trespass to personal liberty is not barred until six years after the accrual thereof.

3. *Same; Instructions; Sufficiency.*—The complaint alleged that plaintiff lived in the residence and homestead of her husband and that defendants came upon the premises unlawfully, committed an assault and battery upon her and ejected her from the premises. Held, good as against demurrer that it was not shown that plaintiff had either active or constructive possession of the premises; that the description of the land alleged to have been entered was uncertain, and that it failed to show by what authority plaintiff remained in possession of the premises.

4. *Same; Instructions; Evidence.*—Where there was evidence tending to connect certain defendants with the assault and battery it was not error to refuse charges that if the jury believe the evidence they must find for these defendants.

APPEAL from Autauga Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Georgia Ann Wainwright against the Marbury Lumber Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The charges refused to defendant were as follows: "(1) If the jury believe the evidence, they must find for the defendant the Marbury Lumber Company. (2.) If the jury believe the evidence, they cannot find a verdict against the defendant Culpepper." The defendant Bozeman was a deputy sheriff, and claimed to have been acting under legal process in the shape of a writ of possession at the time he dispossessed plaintiff; but it is not shown that the lands which plaintiff occupied are those set out in the writ.

A. H. ARRINGTON, and RUSHTON & COLEMAN, for appellant.—The complain as originally filed is not an action for trespass to personal liberty such as false imprisonment or assault and battery within the meaning of subdivision 1, nor for any trespass to real or personal

property within the meaning of subdivision 2 of section 2796 of the Code, but was an action for an injury to the personal rights of another not arising from contract and not specifically enumerated in the statute.—*S. A. & M. Ry. Co. v. Buford,* 106 Ala. 303. The complaint was not subject to the amendment and the amendment is barred notwithstanding the added averment of aggravation.—*Mohr v. Lemle,* 69 Ala. 180; *A. G. S. Ry. Co. v. Smith,* 81 Ala. 229; *L. & N. R. R. Co. v. Hall,* 91 Ala. 112; *A. & A. R. R. Co. v. Ledbetter,* 92 Ala. 326; *Nelson v. The Bank,* 139 Ala. 578. The court erred in refusing the affirmative charges requested by Culpepper and the Marbury Lumber Company.—*City Delivery Co. v. Henry,* 139 Ala. 167; *Southern Bell T. & T. Co. v. Francis,* 109 Ala. 231.

GUNTER & GUNTER, C. E. O. TIMMERMAN, and C. F. NORTON, for appellee.—Counsel discuss the amendment to the complaint but cite no authority thereto. Under the evidence the jury is authorized to find against all of the defendants.—*Carter v. Fulgham,* 134 Ala. 238.

HARALSON, J.—The complaint as originally filed, charged that the Marbury Lumber Company, a corporation, W. J. Bozeman and John Culpepper came upon plaintiff's husband's premises, residence and homestead, where she was at the time residing, "and with force and arms assaulted and ejected plaintiff from said premises and residence, and put her off of said premises all against the protest," etc. The defendant pleaded not guilty, and that the plaintiff's cause of action was barred by the statute of limitations of one year.

This complaint was amended in three particulars: First, by inserting immediately after the word "premises," and before the words "all against the protest," etc., the words, "and plaintiff avers, that the said trespass was willful, and that by said conduct of said defendants, plaintiff was subjected to great humiliation, indignity and shame;" second, by inserting after the words, "Marbury Lumber Company, a corporation," where they appear in the body of the complaint, the

words, "the said defendant, Marbury Lumber Company, in all things acting by and through its servants, agents and employees;" and third, by striking out the word, "assaulted" in the complaint, and inserting in lieu thereof, the words, "committed an assault and battery on plaintiff."

The complaint after these amendments were made, reads as follows: "Georgia Ann Wainwright, plaintiff, claims of Marbury Lumber Company, a corporation—the said defendant, Marbury Lumber Company in all things acting by and through its servants, agents and employees,—W. J. Bozeman and John Culpepper the defendants, two thousand dollars as damages for this, to-wit: That heretofore, to-wit, on the 3d of February, 1904, the plaintiff, being the wife of John Wainwright, was living in the residence of said husband, with her family, and at the homestead of said John Wainwright, in said state of Alabama, and was occupying said residence and premises, personally, with her effects, consisting of household furniture, clothing, cooking utensils, etc., and that said defendants, on the 3d day of February, with divers other persons, to plaintiff unknown, assisting, came upon said premises unlawfully, and entered the said residence and homestead, and with force and arms, committed an assault and battery on plaintiff, and ejected plaintiff from the said premises and residence, and put her off said premises, and plaintiff avers, that said trespass was wrongful, and that by said conduct of said defendants, plaintiff was subjected to great humiliation, indignity and shame; all against the protest and will of the plaintiff, to the damage of two thousand dollars, for which she sues."

The first amendment referred to was proper. It declared the motives of defendants in committing the trespass, always proper to be considered by way of aggravation in assessing damages.

The second amendment was not improper. It was apt to show the participation of said lumber company in the trespass. It is well settled, that the master is liable in damages for the injuries willfully and intentionally inflicted by his servants while acting within the

[Marbury Lumber Company, et al. v. Wainwright.]

general scope or line of their employment.—*City Delivery Co. v. Henry,* 139 Ala. 167, 34 South. 389; *Southern B. T. Co. v. Francis,* 109 Ala. 224-231, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930.

The third amendment was proper. The complaint already charged an assault on plaintiff by defendants, and it was no change of the cause of action to allow the amendment, charging an assault and battery. Adding the word "battery" merely showed the character of the assault already charged, by way of aggravation. By the language of the statute actions "for any trespass to person or liberty, such as false imprisonment, or assault and battery," is barred within six years.— Code 1896, section 2796.

The demurrer to the complaint, that it does not show that plaintiff had either the actual or constructive possession of the premises, because the description of the land alleged to have been entered upon is indefinite and uncertain, that it fails to set up by what authority plaintiff had the right to remain in possession of the premises and not to be ejected therefrom, that the possession mentioned was lawful and right, and that the description of the premises was insufficient and uncertain, was properly overruled, as being merely technical and not meritorious.

Charges 1 and 2, requested by defendants, were properly refused. There was evidence tending to show the participation or encouragement of the lumber company and of Culpepper in the trespass that was committed. It also tends to show an understanding or conspiracy to eject plaintiff from the premises, and it was done. It further tends to show, that the sheriff was acting under a writ of ejectment, which did not include the premises from which plaintiff was ejected.

Affirmed.

Tyson, C. J., and Simpson, and Denson, JJ., concur.