# Avondale Mills *v.* Bryant.

## *Assault and Battery.*

(Decided November 25, 1913.   63 South. 932.)

1. *Master and Servant; Torts of Servant; Liability of Master; Damages.*—Punitive damages are recoverable from an employer for an assault and battery committed upon an employee by a superior servant if acting within the line and scope of his authority under his employment.

2. *Same.*—Punitive damages are recoverable from an employer for a wanton or intentional asault by an employee acting within the line and scope of his authority, without showing that the employer authorized or ratified the act.

3. *Same; Assault and Battery; Liability of Master.*—An assault and battery committed by a foreman of defendant, which was intimately related to, connected with, and grew out of his exercising the authority of his employment over the assaulted employee, was committed while the foreman was acting in the scope of his employment and rendered the employer liable therefor.

4. *Same; Instruction.*—A charge asserting that the rule that the employer must answer for the acts of his employee, has no application if the employee actually wills and intends the injury, or steps aside from the duties of the employment and inflicts an independent wrong, was erroneous in stating that the employer was not liable if his foreman actually willed and intended the injury while acting within the scope of his employment.

5. *Assault and Battery; Civil; Damages.*—A verdict for $1,000 rendered in a civil action for assault was justified, where the plaintiff was roughly treated and struck about the face, head and body; it appearing also that punitive damages were recoverable.

6. *Appeal and Error; Review; Matters Reviewable.*—Where a trial court had refused to disturb a verdict on the ground that the

[Avondale Mills v. Bryant.]

damages were excessive, appellate courts will use great caution in exercising their discretion in substituting their judgment for the verdict and judgment of the trial court.

7. *Charge of Court; Requests for; Sufficiency.*—A charge on self-defense in a civil action for an assault and battery, which omitted as a predicate one or more of the elements of self-defense, was properly refused.

8. *Same; Submitting the Law Question to the Jury.*—It is proper to refuse charges which submit to the jury questions of law.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Rufus P. Bryant against the Avondale Mills. From a judgment for plaintiff for $1,000, defendant appeals. Affirmed.

The following is charge 2: "You are instructed that, where the acts of an employee are willfully and intentionally done without the consent and authorization of the employer, the employee becomes personally liable, and the employer is not liable; and the rule that the employer must answer for the acts of the employee has no application when the employee actually wills and intends the injury, or steps aside from the duties of the employment committed to him and inflicts an independent wrong."

T. A. McFARLAND, for appellant. The court was in error in submitting the question of punitive damages to the jury, and in the manner in which it submitted them. The court was also in error in refusing to set aside the verdict because of the excessiveness of the damages awarded.—*Lienkauf v. Morris,* 66 Ala. 415; 4 Mackey 111; 57 Ill. 252; 66 Ia. 728; 29 Am. St. 378; 15 Ia. 337; 57 Tex. 465; 76 Va. 128. Unless a master participates in or approves of the wrong he is not liable except for actual damages of his servant.—147 U. S. 101; 19 L. R. A. 824; 78 Conn. 492. It is not generally within the scope of a servant's employment to commit an as-

sault and battery.—1 Cooley 1037; 71 N. W. 746; 12 Allen. 49; 40 Ia. Ann. 42; 70 Ala. 268; 100 Ala. 368; 36 Ala. 340. The court, therefore, should have given the charges requested.—*Cox v. Heabey,* 36 Ala. 340.

HARSH, BEDDOW & FITTS, for appellee. It is well settled that a master is liable in damages for injuries willfully and intentionally inflicted by the servant while acting within the general scope or line of his employment.—*Marbury L. Co. v. Wainwright,* 150 Ala. 408; 140 Am. St. Rep. 470; 122 Am. St. Rep. 594; *B. R. & E. Co. v. Baird,* 130 Ala. 335. Punitive damages are recoverable in actions of this character.—*Mitchell v. Gambill,* 140 Ala. 317; *Kress v. Lawrence,* 158 Ala. 655; *H. A. & B. R. R. Co. v. Robinson,* 125 Ala. 484; *M. & O. R. R. Co. v. Seals,* 100 Ala. 368; *A. G. S. v. Frazer,* 93 Ala. 45; *Jefferson County Savings Bank v. Eborn,* 84 Ala. 529. The trial court declined to set the verdict aside because it was excessive, and this court will act with caution in exercising its discretion to reverse the trial court.—*Cobb v. Malone,* 92 Ala. 630; *B. R. & E Co. v. Baird, supra; C. of Ga. v. White,* 56 South. 575; *B'ham W. W. Co. v. Keily,* 56 South. 838. The court was not in error in submitting the question of punitive damages to the jury.—Authorities supra. The evidence disclosed that the foreman was acting in the dircet line of his authority, and the master was liable for his act even if he wantonly and intentionally intended to inflict injury.—*Kress v. Lawrence,* 168 Ala. 652; *Ritchie v. Waller,* 27 L. R. A. 161, and authorities supra. Charges on self-defense must not omit the essential elements thereof.—*Robinson v. State,* 155 Ala. 67; *McBride v. State,* 156 Ala. 44; *Morris v. State,* 146 Ala. 66.

PELHAM, J.—The appellee, a day laborer in the employ of the appellant, brought suit and recovered damages against the appellant for an assault and battery alleged to have been committed on him by appellant's foreman, one W. H. Boland, while acting within the line and scope of his authority under his employment. The foreman, Boland, in addition to his duties in that capacity of employment inside the mill, had intrusted to him the superintendence, control, and management of the mill village, where the houses adjacent to the mill owned by the appellant and occupied by the laborers in its employ as tenants were located. The appellee, who had been in the employ of appellant for 6 or 7 years, was the occupant of one of these houses, and moved himself and family from one to another of the houses without the permission of Boland, or notice to him. A short time afterward, while appellee was engaged in his duties as a picker at the mill, he was accosted by Boland and censured for having moved without his permission, and as a direct result of this criticism an altercation followed, in which the foreman, Boland, who was a much younger, larger, and more vigorous man, assaulted and beat the appellee, who was an old man, 62 years of age. The testimony of Boland and the appellee, the only witnesses to the assault, differs as to its extent, nature, and the provocation; but the version given by appellee would make out an entirely unjustifiable assault on him, in which he was roughly treated and right badly beaten by Boland, who, according to the testimony of appellee, hit him several severe blows about the face, head, and body with his fist.

No question is raised as to the right of appellee to recover in the form of action in which a recovery is sought, and no assignment of error is directed at the rulings on the pleadings; but the appellant, as the defendant in

the court below, after verdict rendered against it, made a motion for a new trial, and assigned separately, among other grounds, that the verdict was not sustained by the evidence, and was excessive in amount.

The first point made by appellant's counsel in brief is that punitive damages are not recoverable in the action, and that the court was in error in submitting to the jury the question of awarding punitive damages. It seems to us the authorities conclusive on the holdings of this court are clear and without conflict on this proposition, to the contrary of the contention made by appellant, and that punitive damages are recoverable in an action of this nature for damages for an assault and battery.—*Mitchell v. Gambill,* 140 Ala. 317, 37 South. 290; *B. R. & E. Co. v. Baird,* 130 Ala. 334, 356, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43; *Kress v. Lawrence,* 158 Ala. 652, 47 South. 574; *Jefferson Co. Savings Bank v. Eborn,* 84 Ala. 529, 4 South. 386; *A. G. S. R. R. Co. v. Frazier,* 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; *M. & O. R. R. Co. v. Seales,* 100 Ala. 368, 13 South. 917; *II. Ave. & B. R. R. Co. v. Robinson,* 125 Ala. 484, 28 South. 28.

It is insisted that the verdict of $1,000 is excessive; but we do not think this verdict, in the light of the evidence, and taking into consideration that the jury had the right to assess punitive as well as compensatory damages, can clearly be said to be grossly excessive, or that the amount assessed indicates passion, prejudice, or other improper motive in ascertaining and fixing such an amount. In the case of *B. R. & E. Co. v. Baird, supra,* a verdict of $2,500 was held by our Supreme Court not to be excessive damages when assessed against an employer for a simple assault and battery committed by an employee. The assault could not be said to be more serious in its nature or extent, or committed on less

provocation, in that case than in this, if the appellee's testimony is to be credited—and it is evident from the finding of the jury that they did believe his testimony. And, too, when the question of damages is limited and bound by no hard and fast fixed rule, but is a matter in the discretion of the jury, and the trial court has refused to disturb the verdict on the ground that it is excessive, an appellate court should use great caution and be very reluctant to exercise the discretion with which it is vested in such matters, and substitute its judgment for the finding of the jury and the judgment of the trial court.—*C. of G. Ry. Co. v. White*, 175 Ala. 60, 56 South. 574; *Montgomery Traction Co. v. Knabe*, 158 Ala. 458, 48 South. 501.

It is further urged by appellant's counsel in brief that only compensatory damages could be assessed in this action, unless it be shown that the master or employer authorized the act of the servant or employee, or ratified it, or was guilty of some "gross negligence" in the selection of the servant. This is not the rule in this state, for, while the form of the action is in case (opinion of Justice Head in *So. Bell, etc., Co. v. Francis*, 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; *A. G. S. R. R. Co. v. Hanbury*, 161 Ala. 358, 372, 49 South. 467), the cause of action is a trespass, for a wanton or intentional injury—an asault and battery—and, the form of action in which recovery was had not being challenged, there can be no doubt but that punitive damages are recoverable, in an action against the master for a wanton or intentional injury done by the servant, without showing an authorization or ratification of the act of the servant or negligence in his employment. See authorities previously cited on this proposition, and *Case v. Hulsebush*, 122 Ala. 212, 26 South. 155. In this last-cited case, the employer, a county tax collector.

was held liable for an assault committed by an employee, a deputy, in the absence of his employer, when no ratification of the act was shown, and it was not pretended that there was negligence in the selection of the employee. The doctrine which was announced in *L. & N. R. R. Co. v. Whitman,* 79 Ala. 328, as clearly established, was quoted in the opinion of *Case v. Hulsebush* as applicable to that case, to the effect; on the question of punitive or vindictive damages, that the rule for the recovery of such damages against a corporation employer for acts of wantonness, rudeness, or force done by an employee in and about the duties of employment (in the general line and scope of such employment) is the same as that which applies to natural persons guilty of similar misconduct. In *Marbury Lumber Co. v. Wainright,* 150 Ala. 405, 408, 43 South. 733, 734, it was held to be "well settled that the master is liable in damages for the injuries willfully and intentionally inflicted by his servants while acting within the general scope or line of their employment." See, also, *City Delivery Co. v. Henry,* 139 Ala. 161, 167, 34 South. 389.

Under the facts in this case, it is not to be seriously questioned that the assault was committed while the foreman, Boland, was acting in the sense of in the general line and scope of his employment, in and about his duties as such foreman. The assault was intimately related to, connected with, and grew out of Foreman Boland's exercising the authority of his employment over appellee in regard to the employer's tenant house occupied by appellee. See *Case v. Hulsebush, supra.* The case of *Cox v. Heaby,* 36 Ala. 340, 76 Am. Dec. 325, cited by appellant, applying the doctrine in the old English case of *McManus v. Crickett,* 1 East. 106, has been departed from (*So. Bell, etc., Co. v. Francis,* 109 Ala. 224, 235, 19 South. 1, 5 [31 L. R. A. 193, 55 Am. St. Rep. 930]),

and the later and better rule declared to be that the master is liable for the acts of the servant willfully and intentionally done in the general scope and line of his employment, although without the command, authorization, or ratification of the master, "not because he himself (the master) has, by force and arms, directly committed the wrongful act, but because he has failed to make good, to the party injured, his assumption, for the servant, that the latter would execute the master's service in a lawful manner." See, also, *Penas v. Chicago R. R. Co.,* 112 Minn. 203, 127 N. W. 926, 30 L. R. A. (N. S.) 627, 140 Am. St. Rep. 484. Of course a different rule would prevail when the servant steps wholly aside from his duties and authority and does an act to accomplish some purpose personal to himself, and having no relation to the business of the master; but that is not the case here.

Charge No. 2 refused to appellant, besides being otherwise faulty in the propositions asserted, instructs in effect that the employer would not be liable for a willful or intentional act done by the servant unless done by the command *and* authorization of the employer; and, also, by the use of the disjunctive "or" after the word "injury," and before the word "steps," is in effect an instruction that the employer would not be liable for the act of the servant if he actually wills and intends the injury, although acting at the time strictly within the line and scope of his authority. The refused charges on self-defense all omit as a predicate one or more of the elements of self-defense, or submit a question of law to the jury.—*Pearson v. State,* 5 Ala. App. 68, 59 South. 526; *Powell v. State,* 5 Ala. App. 75, 59 South. 530; *Morris v. McClellan,* 154 Ala. 639, 45 South. 641, 16 Ann. Cas. 305.

[Walker & Co., et al. v. Norris.]

From what we have said in discussing the main questions, it will be seen that we are of the opinion that no error was committed by the trial court, of which the appellant can complain, in passing on other written instructions requested by the parties. The 22 charges set out in the record as given at the request of the appellant more than cover all the correct propositions of law contained in the refused charges made the basis of various assignments of error. In fact many of the charges given at the request of the appellant state some of the propositions much more favorably for appellant than the law justifies. We find nothing embraced in the assignment of errors warranting a reversal of the judgment of the lower court. It would appear from the record that appellant was accorded a fair and impartial trial in the court below, and that the jury simply found in favor of the appellee on the disputed issue of facts, and, exercising the discretion reposed in them by law, assessed his damages in an amount which, under the rules governing an appellate court on review that we have heretofore discussed, cannot be said to be excessive.

Affirmed.