48 So.2d 252

### ROSS NEELY MOTOR EXPRESS, Inc. v. ROBINSON.

### 7 Div. 81.

Court of Appeals of Alabama.
June 20, 1950.

Rehearing Denied Aug. 8, 1950.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellant.

Hawkins & Copeland, of Gadsden, for appellee.

CARR, Judge.

Edward Robinson filed suit against Ross Neely Motor Express, claiming property damages.

In the court below there was a verdict and judgment in favor of the plaintiff.

The damage was occasioned by a collision between Robinson's automobile and a truck. The prime factual issue revolves around the inquiry of whether or not this was the appellant's truck.

The collision occurred at about dark between Birmingham and Gadsden, at a point about one mile south of Springville. Appellee, his wife, and some small children were traveling north towards Gadsden. The truck was proceeding in the opposite direction. The latter vehicle did not stop at the scene of the impact.

After going to Springville and making a report of the accident to the officers, the appellee and his family reversed their course and proceeded south. They overtook and stopped a truck of the appellant just outside the city limits of Birmingham. The evidence is without dispute that this truck was then en route from Gadsden to Birmingham along the highway on which the collision occurred. Its journey had not been interrupted except to stop about fifteen minutes at Trussville.

When halted, the truck was being driven by James Hollis. He was accompanied by a mechanic, R. T. Chaffin. When questioned by the appellee, both of these parties disclaimed any knowledge of the collision and denied that their truck struck appellee's car. Their testimony at the trial was to like effect. Both Robinson and his wife testified that they accused the driver of the truck of being the person who struck their car up the road. On the trial the appellee and his wife testified that the vehicle they stopped, as indicated, was in fact the same one which collided with their automobile.

It is insisted that we should charge error because the trial court denied appellant's motion for a new trial.

We are frequently called upon to respond to this reviewable right. It seems there is little more that can be written on the subject. The leading case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, gives considerable attention to the principles underlying this review. Many other cases have followed in the wake of judicial decisions.

The power of a court to set aside a verdict of the jury is inherent and is essential to prevent irreparable injustice. In the exercise of this privilege, courts should be careful not to infringe upon the right of trial by a jury. It should be remembered at all times that it is the exclusive province of a jury to determine the credibility of witnesses and to weigh and evaluate the testimony. We are often reminded that the verdicts of juries and the judgments of the courts thereon are solemn things.

When a motion for a new trial is denied by the trial judge, a prima facie presumption of the soundness of this judgment arises and the correctness of the verdict is thereby strengthened. This is because he saw and heard the witnesses, and observed their manner and demeanor.

In consonance with these well established rules, we entertain the view that we should not disturb the judgment of the able trial judge. Bingham v. Davidson, 141 Ala. 551, 37 So. 738; Alabama Great Southern R. Co. v. Hamilton, Adm'r, 135 Ala. 343, 33 So. 157; Brotherhood of Locomotive Firemen & Engineers v. Milner, 193 Ala. 68, 69 So. 10; Morgan-Hill Paving Co. v. Fonville, 224 Ala. 383, 140 So. 575; Wilson v. State, 30 Ala.App. 126, 3 So.2d 136; International Harvester Co. of America v. Donaldson, 26 Ala.App. 502, 162 So. 566.

Ross Neely, Jr. gave evidence for the defendant concerning a conversation he had with the appellee subsequently to the time of the collision. On cross-examination he answered:

434

"A. I don't remember exactly the month, because I've forgotten about it.

"Q. As a matter of fact, didn't you tell him that—that your father did know about that accident, but that he had waited too long to do anything about it? A. When they came back here to try—

"Q. Just answer the question. Did you tell Robinson here that your father knew about the accident, but that Robinson had waited too long, to do anything about it. Did you tell him that? A. I don't remember the exact words.

"Q. Did you tell him that in substance? A. I told him that he had waited too long."

Immediately following, on redirect examination, this appears in the record:

"Q. (Mr. Simpson) What did you mean by that?

"Mr. Hawkins: We object to that.

"The Court: I sustain the objection.

"A. Well, I—

"The Court: Wait a minute

"Mr. Simpson: If the Court please, I think it is competent to—

"Mr. Hawkins: Your own witness put it in.

"Mr. Simpson: We've got a right to show why he put it in there.

"Mr. Hawkins: We object to it.

"The Court: I sustain the objection.

"Mr. Simpson: That's all.

"The Court: Gentlemen, if you want to reserve an exception, you'd better except.

"Mr. Simpson: Yes, sir. We except. That's all for him."

It is urged that the court should have permitted the witness to answer the above question: "What did you mean by that?"

 We are familiar with the rule which provides that where a witness on cross-examination admits making a prior statement which is inconsistent with his testimony on direct examination the witness should be afforded the right, on redirect examination, to give his undisclosed intent or motive for having made the previous, inconsistent statement.

The onus rests upon appellant not only to show that this ruling of the court was error, but that it probably injuriously affected its substantial rights. In this respect we think the appellant has failed. Injury to the substantial rights of the appellant should have been made to appear with more certainty and assurance. Garrett v. State, 248 Ala. 612, 29 So.2d 8; Slayton v. State, 234 Ala. 9, 173 So. 645; Brown v. State, 33 Ala.App. 152, 31 So.2d 652; Salvadori v. State, 33 Ala.App. 372, 33 So.2d 752; Webb v. State, 33 Ala.App. 520, 35 So.2d 373.

We have responded to each assignment of error and conclude that the judgment below should be affirmed. It is so ordered.

Affirmed.