54 So.2d 634.

### KILLIAN v. WEBBER.

### 7 Div. 145.

Court of Appeals of Alabama.

Oct. 16, 1951.

Hawkins & Copeland, Gadsden, for appellant.

Roy D. McCord and Rowan S. Bone, Gadsden, for appellee.

256

PRICE, Judge.

Betty Webber, a minor, brought suit by her father, M. T. Webber, as her next friend, against H. Clay Killian claiming damages for an assault and battery. There was a judgment in favor of plaintiff in the court below. Motion for a new trial was duly filed by defendant and was overruled.

Plaintiff's evidence tended to show that she was employed in the office of Killian-Knowles Real Estate Company, in Gadsden, Alabama, in which company defendant was a partner. On numerous occasions she had ridden to and from her home to work with defendant and on such rides their relationship was strictly that of employer and employee. On December 23, 1949, defendant offered to drive plaintiff home at closing time, but instead of driving her directly home he drove out the Piedmont Highway, stating that he had some business to attend to out that way. He drove past Chunn's Lake, turned around, drove back to the lake and parked the automobile several feet from the highway. He turned off the car lights, got out on the left front side, walked around the car, hesitating at the back, came around to the right rear door and got in the back seat. He then asked plaintiff to come to the back seat. When she refused, he pushed down the lock buttons on all four doors, put his hands under her arms and pulled her over the back of the front seat into the back seat. He then proceeded to take indecent liberties with her person. When plaintiff screamed he hit her mouth with the back of his hand, causing the inside of her lip to be cut. He held his hand over her mouth and nose so that it was difficult for her to breathe. He caused her head to strike the car door, causing a knot or lump on the back of her head. After a car passed on the highway, defendant told her if she would not cooperate with him and was going to act like a hysterical school girl, it wasn't going to be any fun for him, and he then drove her home.

Defendant's testimony was to the effect that he did not offer to drive plaintiff home on the afternoon in question. That a visitor to the office, a Mr. Ford, asked plaintiff to ride with him, saying he was going within a block of her home, but that she stated she would ride with defendant. That three weeks before Christmas he had a conversation concerning Christmas presents in which conversation she asked him to buy her nylon underwear. That he bought her a pair of "panties." She asked him not to give them to her at the office, but to wait and give them to her when he took her home that afternoon.

Defendant's version of the ride out the Piedmont Highway, parking the automobile, etc., was virtually the same as plaintiff's, except he insisted it was at her suggestion that he drove in that direction. They talked a few minutes, and he went to the trunk of the car, got the package containing the "panties" and got into the back seat. She immediately came to the back seat of her own accord. He had composed a poem, which he read to her, and presented the pants. She thanked him for the present, after they kissed two or three times, a car passed by on the highway. Plaintiff then stated she must be home by 6:30 and he immediately drove her home. He denied that he attempted to have sexual intercourse with her, or that he slapped or pushed her. He also denied that she screamed or cried.

The evidence was in sharp conflict, and was sufficient to present a question for the determination of the jury. We cannot say the court erred in refusing to grant a new trial on the ground the verdict was contrary to the preponderance of the evidence. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; National Life and Accident Ins. Co. v. Collins, 244 Ala. 182, 12 So.2d 353; Ross Neely Motor Express Co. v. Robinson, 35 Ala.App. 431, 48 So.2d 252, certiorari denied 254 Ala. 293, 48 So.2d 254.

Defendant introduced on the hearing of the motion for new trial, on the ground of newly discovered evidence, the affidavit of A. J. Wilson to the effect that Betty Webber showed the said Wilson the cut

on her lip on December 22, 1944, and told affiant that one Johnnie Wills had kissed her so hard the night before her lip was caused to be cut.

The granting or denying of a motion for a new trial on the ground of newly discovered evidence rests largely in the trial court's discretion, and its order will not be reversed on appeal unless it is made to appear the order violated some legal rights of appellant, or was an abuse of discretion. Foster v. Rosamond, 28 Ala.App. 99, 180 So. 334, certiorari denied 235 Ala. 663, 180 So. 338; Birmingham Electric Co. v. Linn, 33 Ala.App. 486, 34 So.2d 715; Birmingham Electric Co. v. Toner, 251 Ala. 414, 37 So.2d 584.

Wilson was employed by defendant and took the stand twice as a witness. We cannot say the court abused its discretion in denying the motion.

The defendant testified on direct examination that he was arrested the same night he parked his automobile at Chunn's Lake with plaintiff. On cross-examination he testified, without objection, that he was arrested and placed under bond on a charge of "assault to rape." The court correctly sustained plaintiff's objections, on redirect examination, to the questions: "Q. Were you indicted by the grand jury?" and "Q. Is there any case now pending against you in any court on the charge of assault with intent to rape?"

The evidence sought to be elicited by these questions was not in rebuttal of that brought out by plaintiff and does not come within the rule that where one party introduces illegal or immaterial evidence, his adversary may rebut it by testimony of the same nature and character.

Furthermore, the defendant having gone into this field of irrelevant evidence, authorized the plaintiff to question him about the arrest and further evidence corroborating the evidence first admitted is not permitted. 31 C.J.S., Evidence, § 190; Lewis v. Martin, 210 Ala. 401, 98 So. 635.

On cross-examination of defendant he was asked if it wasn't a fact that the people who worked in that real estate office

drew names to exchange Christmas presents. He answered that they did. He was then asked whose name he drew and what present he gave. Witness answered that he drew Wilson's name and that he gave him a shirt. The plaintiff, Betty Webber, was recalled as a witness and testified, without objection, that she drew Wilson's name and that she gave him a white shirt. Thereupon Wilson was recalled to the witness stand, and was permitted to answer the following questions, against defendant's objections:

"Q. Who drew your name in the Christmas drawing for the purpose of giving Christmas presents for the Christmas of 1949? A. Miss Webber.

*     *     *     *     *     *

"Q. Did Mr. Killian draw your name and give you a shirt, in that drawing? A. No, sir."

The questions were collateral and wholly immaterial to the issues in the case.

There was no contention on the part of defendant that he was presenting a gift to Miss Webber as a result of the office Christmas drawing.

The testimony, both for the plaintiff and defendant, was that Mrs. Knowles drew Betty Webber's name. The question of who had drawn Wilson's name had no bearing on the issues involved.

In the case of Bessemer Land & Improvement Co. v. DuBose, 125 Ala. 442, 28 So. 380, 382, the Supreme Court observed: "And the rule is too well settled for discussion, both in practice and by authority, that 'a witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issues, merely for the purpose of contradicting him by other evidence if he should deny it, and thereby discredit his testimony. And, if a question is put to the witness which is collateral or irrelevant to the issue, his answer cannot be contradicted by the party who asked the question, but it is conclusive against him.' Hussey v. State, 87 Ala. [121], 133, 6 So. 420; Blakey's Heirs v. Blakey's Ex'x, 33 Ala. 611; Ortez v. Jewett & Co., 23 Ala. 662." Carter v. State, 133 Ala. 160, 32 So. 231.

The question propounded by defendant to Betty Webber, "You first tried to get a warrant for rape, didn't you?" called for a conclusion of the witness, and the objection was properly sustained.

No argument appearing in appellant's brief in support of assignments of error 4 and 7, they are deemed to have been waived. Christ v. Spizman, 33 Ala. App. 586, 35 So.2d 568.

For the error mentioned above, the judgment is reversed and the cause remanded.

Reversed and remanded.