86 So.2d 658

**B. W. PIERCE, Sr.**

v.

**Conway FLOYD.**

**7 Div. 331.**

Court of Appeals of Alabama.

April 3, 1956.

Ross Blackmon, Anniston, for appellant.

Chas. Douglass, Anniston, for appellee.

PRICE, Judge.

Plaintiff sued to recover actual and punitive damages for an assault and battery alleged to have been committed on his person by the defendant.

Defendant pleaded the general issue and special pleas setting up the defense both of his person and his premises, averring that he used no more force than was necessary to protect his person from an unprovoked assault and to expel plaintiff from defendant's premises.

There was verdict and judgment for plaintiff for $750 and defendant appeals.

 The law is that, "One who is rightfully in the exclusive occupancy of realty, in order to protect his possession, has an undoubted right, to eject trespassers who intrude thereon; but this right is not an unqualified right. In ejecting such trespasser, he must use no more force than is reasonably necessary. (3 Cyc. 1071 (3, B, II); Highland Ave. & Belt R. Co. v. Robinson, 125 Ala. [483] 489, 28 So. 28); and, if a breach of the peace ensues, resulting in an assault and battery, and the defense is invoked that the defendant committed the assault in ejecting a trespasser from his premises, he assumes the burden of showing that he used no more force than was reasonably necessary, and that he did not unnecessarily hurt or wound the wrongdoer, and the defense is not available if he who invokes it was at fault in bringing on the affray." Hart v. Jones, 14 Ala.App. 327, 70 So. 206, 207.

The first three assignments of error were not predicated on a ruling of the court and cannot be considered. It is "only a ruling of the court which is subject to an assignment of error." Central of Georgia Railway Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290.

 The ground of the motion for a new trial that the verdict is contrary to the law likewise cannot be considered. The claimed objection was not specifically pointed out, and a general assignment will be disregarded. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465.

Assignment of error No. 22 asserts error in the court's action in overruling the motion for a new trial on the ground that the verdict is not sustained by the great preponderance of the evidence.

The difficulty occurred on September 22, 1951, between the old abandoned and the presently traveled Gadsden-Anniston Highway in Calhoun County. There was evidence that a gate across the old highway was erected six or eight years ago by defendant, which was posted with a no trespassing sign.

Plaintiff testified he had been using the old road as a walkway for many years, because of heavy traffic in the new highway, and that no one had told him not to use it.

On the day of the difficulty defendant, riding in his automobile, came up behind plaintiff as he was walking south. Defendant jumped from his car, cursed plaintiff and asked: "What have I told you about being on my property?" Thereupon he struck plaintiff twice about the head and face, causing him to fall to the ground, and while he was on the ground defendant kicked him in the chest and ribs, stamped on his head and threatened to kill him. Since the assault and as a result of it he has suffered from shortness of breath, pains in his side and head in and about a diseased eye; that he has difficulty in sleeping. At the time of the assault plaintiff was 58 years of age, weighed 115 pounds. The sight in his right eye was gone at the time. He had been suffering from stomach trouble and low blood pressure for about seven years. He saw Dr. Isbell and was advised to have his right eye removed and he now has a glass eye.

Dr. Faucett testified he was called to see plaintiff the night following the difficulty. He was very nervous and had some fresh injuries below his left eye and on his lips, which were swollen and bleeding. He was complaining of pains in his chest and side and was given medicine to relieve the pain. The plaintiff was taped and referred to an X-ray specialist to determine whether he had sustained a fracture. Plaintiff came to his office two or three times for treat-

ment. The doctor made a charge of $10 for the home visit and charged $6 for each of the two office calls.

Dr. Ford, Supervisor of the X-ray departments of the Gadsden hospitals, exhibited to the jury X-ray pictures of plaintiff and stated he saw no fracture of the ribs in the pictures.

Dr. Isbell, an eye, ear and nose specialist, testified he first saw Mr. Floyd on April 23, 1948. At that time he had lost the vision in his right eye about a year before and could not even see light with that eye. The vision in his left eye was 20–60 with the glasses he wore. Examination revealed a deep cut of the right optical and a disease which was interpreted to be glaucomatous. The tension in the right eye was found to be 35 and in the left eye it was 12. 20 is considered the upper limits of normal. He was given treatment and was not seen again until April 30, 1949. He was back two days later and was not seen again until July 27, 1951, and again on July 30, 1951. The next visit was April 21, 1952. He was given treatment and came in again on June 27, 1952. The record showed the condition of his right as, "Blind, painful, right eye, advise removing of the eye." All the examinations and treatment referred to predated the alleged assault except the treatments and visits occurring in 1952, but there was no immediate visitation by plaintiff after September 22, 1951, the first visit subsequent to the difficulty being in April, 1952, and the sight of the right eye was totally gone on his first visit.

Defendant's evidence was to the effect that he was the owner of the property on either side of the highway; when the new highway was constructed, about 1933, the old highway was abandoned and defendant has been in possession of it since that time, and his right to his possession has never been questioned.

Defendant had notified plaintiff on three prior occasions to keep off of his land. On the occasion of the difficulty he observed the plaintiff on the old road and he went to the point where plaintiff was and "asked him why he was so persistent in continuing to trespass on my land and that I had asked him so many times to stay out and he was at the very point that we had found some whiskey and beer." Plaintiff cursed him and said he had the right to come through there; ran up and kicked defendant on the leg and began striking him in the face, knocking his glasses off, and struck him at least 25 times on the face and body; defendant's right hand was crippled from an automobile accident several years before; he hit plaintiff first with his left hand and then with his right, but he did so only after plaintiff had first struck him and he used no more force than was reasonably necessary in order to defend himself. Defendant denied that he kicked or stamped plaintiff or that he threatened to kill him. Defendant stated he was 65 years of age and weighed around 180 pounds.

Mr. Vice testified he saw plaintiff about a month before the difficulty with a bandage over his eye. In reply to witness' question as to the condition of the eye, plaintiff said: "I am going to have to have it taken out, if I don't I am going to lose my other eye."

■ There was sufficient evidence which, if believed, justified the verdict, and we would not be authorized in disturbing the ruling of the trial court denying the motion for a new trial on the ground that the verdict was contrary to the great preponderance of the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449; Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465; Smith v. Smith, 254 Ala. 404, 48 So.2d 546; Bell v. Nichols, 245 Ala. 274, 16 So.2d 799.

It is insisted that the evidence shows that no serious or permanent injuries were sustained by plaintiff to his eyes nor to any other part of his body; that he was not shown to have lost any time from his work and his expenses for medical treatment were nominal, therefore the damages assessed were motivated and superinduced by passion and prejudice and were absolutely excessive.

In Alley v. Birmingham Electric Co., 37 Ala.App. 240, 71 So.2d 108, 109, certiorari denied 260 Ala. 695, 71 So.2d 111, we said: "The principle is well recognized and has been stated many times that in cases of this character where there is no fixed legal standard for the measurement of damages and no certain rule prescribed for the guidance of the jury, the amount of damages must be left to the jury's discretion and the trial court will not disturb the verdict even if the damages awarded by the jury appear to it to be too much or too little. When the trial court has refused a new trial on account of the amount of the recovery, the appellate court is very reluctant to substitute its judgment for that of the jury and the court below, and the judgment will not be reversed on that ground alone unless the amount is so excessive or so grossly inadequate as to be indicative of passion, prejudice, corruption or other improper motive on the part of the jury. Alabama Great Southern R. Co. v. Randle, 215 Ala. 535, 112 So. 112; Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447; Alabama Great Southern R. Co. v. Baum, 249 Ala. 442, 31 So.2d 366; Pacific Fire Ins. Co. v. Overton, 256 Ala. 400, 55 So.2d 123."

■ In the light of the evidence, taking into consideration the fact that the jury had the right to assess punitive as well as compensatory damages, we cannot say that the amount of damages assessed evidences such an abuse of the jury's discretion as to indicate bias, passion, prejudice, or other improper motive. Avondale Mills v. Bryant, 10 Ala.App. 507, 63 So. 932.

■ Requested charges 1, 2, 4, 9, 12 and 14 being mere statements of legal principles, without instruction as to their effect upon or application to the issues in the case, were refused without error. Holloway v. State, 37 Ala.App. 96, 64 So.2d 115. Also charge 9 refers to "shooting the deceased."

■ Charge 3 pretermits defendant's freedom from fault in provoking the difficulty, and that defendant used no more force than was necessary to repel the assault, Pritchett v. Freeman, 36 Ala.App. 222, 54 So.2d 314, and is argumentative.

The principles sought to be set up in charges 7 and 8 were covered by the court's oral charge.

Plaintiff filed replications to defendant's special pleas 3 and 4. The defendant's demurrer to the replications was sustained. The court in his oral charge read the replications and stated that plaintiff, in answer to defendant's pleas, says: " 'No, I wasn't a trespasser.' In simple language: 'I had a right to be where I was on the old Anniston-Gadsden Road and I had a right to be there as much as the defendant.' "

■ Appellant urges that since the demurrer to the replications was sustained these issues were improperly submitted to the jury. No exception was reserved in the trial court to this claimed error, therefore, the question is not presented for review here. Ala. Dig., Appeal and Error, ☜274(4); 4 C.J.S., Appeal and Error, § 332.

At the conclusion of his oral charge the court stated to the jury:

"Gentlemen of the jury, it has been brought to my attention that as to the second type of verdict I didn't finish my discussion. The Court, in order to clarify that will now charge you that should you not be reasonably satisfied as to each and every material allegation of the plaintiff's complaint or should you be reasonably satisfied that the defendant has sustained his pleas or anyone of them—in either of these events, should that be the case, it would be your bounded duty to return a verdict for the defendant.

"The Court: What says the plaintiff?

"Mr. Douglass: Satisfied.

"The Court: What says the defendant?

"Mr. Blackmon: Nothing further.

"The Court: Gentlemen of the jury, please retire and make up your verdict."

444

After the jury retired it was recalled to the court room and the following transpired:

"The Court: Gentlemen of the jury, in this case, in the event you should find a verdict for the defendant, this would be the form of verdict you would render:

" 'We, the jury, find the issues in favor of the plaintiff.'

"In either event, whether it be for the plaintiff or the defendant one of your number will sign the verdict as foreman.

"(Whereupon, the jury retired to consider their verdict)

"The Court: Bring the jury down again, please, Mr. Bailiff.

"(The jury returned to the court room)

"The Court: Gentlemen of the jury, just one little error here, I am sorry to bring you down again. One error has been called to my attention in my endeavor to give you the form verdict should you decide to find for the defendant. Should you return a verdict for the defendant in this case this would be the form of verdict you would render:

" 'We, the jury, find the issues in favor of the defendant.'

"In either event, whether it be for the plaintiff or the defendant, one of your number will sign the verdict unanimously agreed to as foreman. Thank you gentlemen, I am sorry to call you down again."

 Appellant insists in brief that this proceeding tended to confuse the jury "in the manner in which they were to proceed in their deliberation involving the decision of the cause in the jury room." No exception was reserved to this action by the court nor to any part of the oral charge. See Ala.Dig., Appeal and Error, ☜263(1) for innumerable citations of authority.

No argument appears in appellant's brief in support of the remaining assignments 18, 19, 26, 27, hence they are deemed to have been waived. Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568; Killian v. Webber, 36 Ala.App. 254, 54 So.2d 634.

No error appearing in the record, the judgment is due to be affirmed. It is so ordered.

Affirmed.

BONE, Judge, recuses self.