[Civ. No. 5351. First Appellate District, Division Two.—April 1, 1926.]

ARTHUR H. DOODY, Respondent, v. JOHN L. DAVIE et al., Appellants.

[1] MUNICIPAL CORPORATIONS—INJURY SUSTAINED BY MEMBER OF FIRE DEPARTMENT WHILE OFF DUTY — RIGHT TO SALARY — OAKLAND CHARTER.—Under section 100 of the charter of the city of Oakland a member of the fire department, who was incapacitated from performing his duties as such by reason of a sore foot, brought about by stepping on a nail while in the yard of his home while off duty, is entitled to his salary during the period of his disability.

---

(1) 43 C. J., p. 840, n. 58.

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge. Affirmed.

The facts are stated in the opinion of the court.

Leon E. Gray, City Attorney, and Markell C. Baer, Assistant City Attorney, for Appellants.

Irving Magnes and Breed & Burpee for Respondent.

LANGDON, P. J.—Petitioner is a member of the Oakland fire department and the defendants are members of the city council which passed a resolution refusing to pay

petitioner's claim for salary during a period when he was incapacitated from performing his duties as a member of the fire department by reason of a sore foot, which condition was brought about by stepping on a nail while in the yard of his home on July 12, 1922, which was his "day off."

A demurrer to the complaint was overruled and defendants answered. Upon motion of petitioner, judgment was entered upon the pleadings, from which judgment defendants appeal.

It appears from the pleadings that petitioner's foot was dressed by a physician every other day and that for a period of nine days petitioner was unable to walk or put his weight upon the sore foot. Petitioner promptly reported to the fire department that he was "sick" and furnished the necessary doctor's certificate required by the department. The said department never asked for any other certificate and on July 22, 1922, petitioner returned to his work, and furnished what is known in the department as a "well" certificate.

Thereafter petitioner endeavored to collect his monthly salary from the city of Oakland for the month of July, and received in lieu of his salary of $150 the sum of $106.45, being informed that the difference, or the amount of $43.55, was deducted from his salary by reason of his nine days' absence from his regular occupation. Thereafter petitioner duly demanded of the said city of Oakland the balance of $43.55 and the defendants, acting as the city council of the city of Oakland, by a resolution, regularly adopted, rejected the claim of petitioner, setting forth in the resolution of rejection the following: "For the reason that the charter authorizes no compensation to fire-men during periods of incapacity from duty arising solely from injuries not received in the performance of any duty."

[1] The only question presented is one of construction of section 100 of the charter of the city of Oakland, the pertinent portion of which reads as follows:

"Section 100. . . . A member (of the Fire Department) becoming incapacitated for duty by reason of sickness shall be entitled to sixty days' sick leave without loss of pay. If such sickness shall continue, he shall be entitled to half-pay for an additional period of sixty days, and if such sickness shall continue further, he shall receive such pay, if any,

as the Council shall direct. A member on sick leave shall present such certificate of a reputable physician as the Chief of the Fire Department may direct.''

Was the petitioner ''incapacitated for duty by reason of sickness'' within the meaning of the charter provision just quoted? Appellants' position is based upon the fact that petitioner developed no infection in his foot and no nausea or general bodily illness and it is argued that a distinction should be drawn between an injury received while ''off duty'' and an illness which had no traumatic cause. It is argued that this view is re-enforced by the provisions of section 100½ of said city charter, which provides that in cases of injury sustained while in the performance of duty, firemen shall receive medical aid, etc., in addition to the sick leave provided for, and that such injured firemen shall receive full pay during the continuance of such disability. Appellants maintain that as payment of salary during disability caused by injuries received in the course of employment is treated in a section separate and apart from the one relating to ''sickness,'' it is evident that there was no intention to provide for the payment of salary during disability caused by injuries received out of the course of the employment or it would have been included and not excluded by implication in section 100½.

We have given this argument due consideration, but it seems to us more logical to conclude that since, in the case of injuries occurring during the course of the employment, a fireman, in addition to his ''sick leave'' or payment of salary during disability, was allowed, by section 100½ of the charter, medical, surgical, and hospital treatment, including medicines, medical and surgical supplies, crutches, and apparatus, including artificial members, this section created a difference between injuries in the course of performance of duty and those sustained at another time, and that in the latter case, the fireman was merely entitled to the usual sick leave provided for in section 100 of the charter.

Appellant asserts that the word ''sickness'' in section 100 does not include ''injury.'' It certainly does in its popular significance and in the definitions found in such a standard work as Bouvier's Law Dictionary, wherein it is said: ''Sickness. By sickness is understood any affection of the body which deprives it temporarily of the power to fulfill

its usual functions. It has been held to include insanity. L. R. 8 Q. B. 295. Sickness is either such as affects the body generally, or only some part of it.''

Appellants admit that if as a result of his injury the petitioner had developed a fever or nausea he would have been entitled to sick leave. The differentiation between such a case and the instant one is a very fine one and one which seems to us incapable of practical application. If a fireman broke his leg or his wrist while off duty, the continuance of his salary would depend upon whether or not his constitution was strong enough to stand the shock and pain without some bodily reactions, such as fever, nausea, nervousness, etc. The inquiry into this question of fact would certainly be most unsatisfactory; its determination could not depend upon the degree of temperature developed, or the amount of nausea, faintness, dizziness, or nervousness which would result. It is almost impossible to conceive of any injury severe enough to incapacitate a man which would not cause some general variation from normal in the functions of the body.

Appellants argue at some length the improvident and unusual result of paying men for services which they are unable to perform because of injuries suffered while about their own concerns on a day when they are relieved from duty. We can only suggest that if this was not the intention of those responsible for the charter, it would be well to have it amended so as to remove the question from the realm of doubt. This court cannot do this, indirectly.

There are no authorities directly in point upon this question, but this court agrees with the trial court that the injury suffered by petitioner constitutes a ''sickness'' within the meaning of section 100 of the Oakland city charter.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 27, 1926,