### READING v. TRAVELERS INS. CO.
### No. 4146.

District Court, M. D. Pennsylvania.
Sept. 10, 1938.

Reading & Wood, of Williamsport, Pa., for plaintiff.

Clyde E. Williamson and John E. Cupp, both of Williamsport, Pa., for defendant.

JOHNSON, District Judge.

The questions presented are raised by a rule for judgment for want of a sufficient affidavit of defense.

The pleadings consist of a statement of claim, an affidavit of defense, and a motion for judgment upon which the rule now under consideration was granted.

On August 31, 1893, John G. Reading, Jr., entered into a contract of insurance with the Travelers Insurance Company. The contract provided for the payment to Clara F. Reading, wife of the insured, of $37,500 in consideration of a semi-annual premium of $264.75. The policy provided: "The said sum (less any indebtedness of the parties hereto, Beneficiaries or other, to this Company) to be paid at the Home Office of this Company in the manner following: that is to say one hundred and twenty-five dollars upon the acceptance of satisfactory proof of the death of the said J. G. Reading, Jr., during the continuance of this contract and one hundred and twenty-five dollars upon every monthly anniversary thereof until 300 monthly payments of one hundred and twenty-five dollars each or thirty-seven thousand five hundred dollars in all shall have been made to said beneficiaries."

John G. Reading, Jr., died on May 21, 1937, and was survived by Clara F. Reading, the beneficiary of the above policy of insurance and plaintiff in this action.

At his death, John G. Reading, Jr., was indebted to the company in the amount of $15,873.91, which was incurred under a loan agreement which provided, inter alia: "(3) That in settlement of any claim or of any benefit under the contract before the loan with accrued interest shall have been fully paid * * * the Company shall be liable only for the return of the balance of the proceeds of said claim or said benefit after deducting the loan and accrued interest and any other indebtedness due to the Company."

The policy was in full force and effect at the time of the insured's death. Proofs of death were duly submitted and demand was made upon the company for the payment of $125, upon proof of death and upon each monthly anniversary to the date of the institution of this action.

On the above facts, which, under the pleadings, are admitted by the defendant, the plaintiff alleges that she is entitled to the sum of $37,500, less $15,873.91, or $21,626.09, which represents the difference between the face value of the policy and the indebtedness due the company because of the loans. Plaintiff contends that this sum is payable to her at the rate of $125 per month for 173 months.

The company, however, takes the position that on the above facts the plaintiff is entitled to the commuted value of the policy as determined by the company's tables, to wit: $23,234.25, less the indebtedness of $15,873.91, or the sum of $7,369.34. The commuted value used by the company is the amount of money required to provide 300 monthly payments of $127.50, each. The company then takes the alleged equity of $7,369.34, and sets up a straight proportion to calculate the monthly payments to which it alleges the plaintiff is entitled. Calculated in this manner defendant alleges that plaintiff is entitled to 300 monthly payments of $40.42, each.

Thus, the questions raised are: (1) Whether the court should construe the contract, or leave it to a jury for interpretation; and, (2) the amount due to the plaintiff from defendant under the terms of the policy as interpreted in connection with the loan agreement.

It is settled that the court, and not a jury, must construe all contracts or agreements which come before it in writing, and which do not depend upon outside evidence for their interpretation.

Foster v. Berg, 104 Pa. 324; Standiford v. Kloman, 234 Pa. 443, 83 A. 311; Baldwin v. Magen, 279 Pa. 302, 123 A. 815.

In the case at bar the entire understanding between the parties is before the court in writing, and consequently the court must construe the contract as a matter of law.

The rule of construction that the expression of one thing is the exclusion of another applies in the case at bar. The policy expressly provides for commutation of value in two situations:

"(a) * * * if the above named beneficiaries shall die before the first payment becomes due hereunder, then the entire interest in this contract shall inure to the said J. G. Reading, Jr., or his legal representatives, who shall have the option at his death of commuting the then present value of all future installments to become due hereunder into a cash payment to be determined by this company's tables.

"(b) It is also agreed that a like option of commutation shall extend to the legal representatives of the beneficiaries in the event that the said beneficiaries shall die after the said Reading and before receiving all the installments aforesaid."

There is no mention, however, in either the policy, or the loan agreement of commuting the present value of the policy under the facts of the case at bar. The fact that commuted value is mentioned in two clauses of the contract and is not mentioned in the clauses now under consideration is strong evidence that commuted value does not apply to them. Expressio unius est exclusio alterius. Mutual Fire Ins. Co. v. Coatesville Shoe Factory, 80 Pa. 407.

It is settled that in case of doubt, the court should construe a life insurance policy in the manner most favorable to the insured. The wording of the contract is that of the company, and it is fair and just that any doubt as to the meaning of its own words should be resolved against it. Mutual Life Ins. Co. v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, 31 A.L.R. 102; Stroehmann v. Mutual Life Co., 300 U.S. 435, 57 S.Ct. 607, 81 L.Ed. 732.

In order to give the contract in the case at bar, the meaning which the company ascribes, it would be necessary not only to adopt a construction unfavorable to the insured, but also to supply words to the contract in question which it does not at present contain. The rule must, therefore, be made absolute.

And now, September 10, 1938, it is ordered that the rule for judgment for want of a sufficient affidavit of defense be and hereby is made absolute.