## TRAVELERS INS. CO. v. READING.
### No. 6899.

Circuit Court of Appeals, Third Circuit.

April 27, 1939.

Rehearing Denied June 24, 1939.

John E. Cupp, John B. Cupp, and Clyde E. Williamson, all of Williamsport, Pa., for appellant.

Thomas Wood, and Wm. H. Wood, both of Williamsport, Pa., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

John G. Reading, Jr., upon August 21, 1893, entered into a contract of insurance with The Travelers Insurance Company, the appellant. This contract was described by its own terms as a "Special Contract" and lacks clarity. It provided, among other things, that the appellant, in return for an annual premium of $478.88 to be paid by Reading throughout his lifetime, would pay $37,500 to Clara F. Reading, the wife of John G. Reading, Jr., and the appellee herein, " * * * The said sum (less any indebtedness of the parties hereto, Beneficiaries or other to this Company) to be paid at the Home Office of this Company in the manner following, that is to say One Hundred and Twenty five dollars upon the acceptance of satisfactory proof of the death of the said J. G. Reading Jr., during the continuance of this contract and One Hundred and Twenty five dollars upon every monthly anniversary thereof until 300 monthly payments of One Hundred and Twenty five dollars each or Thirty seven Thousand Five Hundred dollars in all shall have been made to said Beneficiaries."

Reading fulfilled all duties laid upon him by the contract of insurance. Upon

May 8, 1933, Reading and the appellee executed a loan agreement with the appellant by reason of which the appellant loaned Reading and the appellee the sum of $14,-862.75. The contract of insurance was assigned as security for the loan. The language of the loan agreement is also lacking in clarity. Clause 3 of the loan agreement provides, "That in settlement of any claim or of any benefit under the contract (of insurance) before the loan with accrued interest shall have been fully paid * * * the Company shall be liable only for the return of the balance of the proceeds of said claim or said benefit after deducting the loan and accrued interest and any other indebtedness due to the Company."

Reading died on May 21, 1937. At that time a total of $15,873.91 was due to the appellant, the increase over the sum previously borrowed representing interest upon the original loan. Proofs of death were furnished to the appellant, but the appellant refused and still refuses to pay to the appellee the monthly payments of $125 alleged by the appellee to be due under the terms of the policy. The appellee thereupon brought suit upon the policy for six of the successive monthly payments. An affidavit of defense was filed by the appellant. In the final paragraph of this affidavit, the appellant avers that it is obligated to pay to the appellee " * * * only the commuted value of said policy of insurance, to-wit, the sum of $7,369.34, which amount is payable in monthly installments of $40.42 for a period of 300 months." The court below gave judgment for the appellee for the full sum demanded for want of a sufficient affidavit of defense. The appeal at bar was taken from this judgment.

The appellant takes the position, aside from that statement of its affidavit of defense heretofore quoted, that since the principal sum of the policy is payable in installments as indicated, such installments must be devoted first to the payment of the indebtedness due the appellee. It will be observed that if this view be adopted approximately sixteen years must pass before the beneficiary will receive any payments whatsoever from the appellant.

To arrive at the conclusions advanced by the appellant in that portion of its affidavit of defense which we have quoted it is necessary to commute the value of the policy to the day of the insured's death. The principal sum of $37,500 thus commuted is the sum of $23,243.25. From this commuted value, the appellant deducts the amount of the indebtedness, viz., $15,873.-91, leaving a present net value of the policy to the beneficiary in the sum of $7,369.-34. The appellant admits that the sum of $23,243.25 is sufficient to provide 300 monthly payments of $125 each, and thereupon taking the equity of $7,369.34, sets up what it terms a straight proportion to calculate a monthly payment to the beneficiary for 300 months of $40.42 a month.[1]

We cannot agree that the policy and loan agreements call for such a result. It is true that the value of the policy immediately after the insured's death was only $23,243.25, as stated in the policy, since the principal sum of $37,500 was payable in installments over a period of twenty-five years. It is also true, we think, that the appellant is entitled to deduct from the present value of the policy the indebtedness of $15,873.91, thus reducing its actual value as of the date of the insured's death to $7,369.34. To require the appellant to set off the indebtedness of $15,873.-91 without further interest against the policy installments aggregating that amount payable during the last 127 months of the policy period, as the appellee argues must be done, would deprive the appellant of interest on the debt due it for a period of nearly twenty years, a manifest injustice not compelled by the language of the policy.

In our opinion, under the provisions of the policy and loan agreements the indebtedness remaining due to the appellant at the death of the insured has the effect of reducing the number of monthly payments of $125 each payable under the policy to that number which would be payable if the sum of $7,369.34 had been used to purchase an annuity certain as of the date of the insured's death, the total sum thus payable to be computed upon a similar interest basis and by a method analogous to that employed by the appellant in commuting the value of the policy to the sum of $23,243.-25 at the time of the death of the insured. If the appellee should die prior to the time when the total sum thus ascertained shall have been paid to her the balance of the

---

[1] $23,243.25:38250 = 7369.34:300X$
$6972975x = 281877255$
$x = 40.42$

monthly installments of $125 each shall be paid to the legal representatives of the appellee in accordance with the terms of the policy.

We shall not endeavor to compute the total sum thus payable to the appellee or upon her death to her legal representatives, nor the number of installments of $125 each in which it must be paid. The amount and the number of installments, however, are capable of exact computation, and since the number greatly exceeds six, the judgment of the court below is affirmed.