96 So.2d 710

**John D. ROGERS**

v.

**W. M. DUNBAR COMPANY, Inc.**

6 Div. 425.

Court of Appeals of Alabama.

June 28, 1957.

Rehearing Denied Aug. 13, 1957.

Rossie Rogers Taylor, Birmingham, for appellant.

John S. Tucker, Jr., Birmingham, for appellee.

PRICE, Judge.

The complaint in this cause contains three counts. Count 1 claims the sum of $820.95 due by account. Count 2 and 3 claim the sum of $820.95 due by a check.

Defendant filed pleas 1, 2 and 3 setting up that the post dated check, the foundation of the suit, is not the obligation of John Rogers, individually, but is the obligation of John Rogers Appliance Company, a corporation, and that at all times pertaining to the transaction between plaintiff and defendant, made the foundation of this action, defendant was acting, with full authority, as an officer for John Rogers Appliance Company, Incorporated.

Plaintiff's demurrers to said pleas were overruled, and issue joined.

A jury trial resulted in a judgment for plaintiff in the sum of $887.17.

Motion for new trial was overruled and defendant appeals.

The plaintiff filed a motion requesting the trial court to direct the court reporter to correct his certificate to show that the transcript of the proceedings did not contain all of the evidence.

The following notation, signed by the trial judge, appears in the record:

"On a hearing of the foregoing motion with attorneys for Plaintiff and Defendant both present in open court, it is hereby agreed that the transcript of the evidence,

testimony, proceeding, and the oral charge of the Court, and etc., as prepared by the Reporter R. D. Algee, under date of July 25, 1956, is full and true from the time he began reporting the case, however, as indicated on pages 20, 21, 22, 23, and 24 of said transcript, the case had proceeded through the Plaintiff presenting his case, testimony of the Plaintiff's witnesses, and etc. and Plaintiff had rested, and the Defendant had been directly examined on the presentation of Defendant's case and during the cross-examination of Defendant by the attorney for the Plaintiff the question of the case being reported arose as indicated on said pages 20, 21, 22, 23, and 24. It was from that point a reporter was called in and the transcript does *not* include the proceedings, testimony, etc. up to that point."

■ In the absence of a complete transcript of the evidence, we cannot consider assignments of error 1 through 10 based upon the denial of the motion for a new trial on the grounds the verdict is contrary to the evidence. W. P. Brown & Sons Lumber Co. v. Snead, 31 Ala.App. 552, 20 So.2d 118, certiorari denied 246 Ala. 241, 20 So.2d 119; Davis v. Louisville & N. R. R. Co., 108 Ala. 660, 18 So. 687.

■ The assignments of error "that said verdict is contrary to law" cannot be considered, the said objection not having been specifically pointed out in the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465; Pierce v. Floyd, 38 Ala.App. 439, 86 So.2d 658.

■ Assignments of error 10 through 15 are not referred to in brief and will not be considered. North British & Mercantile Ins. Co., Limited v. Sciandra, 256 Ala. 409, 54 So.2d 764, 27 A.L.R.2d 1047.

■ On redirect examination these questions were asked defendant:

"Q. Mr. Rogers, you told us, told Mr. Tucker, that you signed checks as John—never signed checks except John Rogers Appliance Company. Is that right? A. That is right.

"Q. You told him—you told the court that you signed them this way for what reason?

"Mr. Tucker: We object. A. Because I had two accounts.

"The Court: Sustained. A. (Continuing.) One was personal.

"The Court: Just one minute. What is the ground?

"Mr. Tucker: On the basis asking for the reason. He wound the question up by saying 'what reason?'

"The Court: Yes. That is a mental operation.

"Mr. Cockrell: Well, after recross-examination he can tell a mental operation.

"Mr. Tucker: He is still your witness.

"Mr. Cockrell: I know he is, but the rule is too well stated on that score when it is recross that I can ask for a mental operation.

"The Court: No. I won't let him answer that."

Appellant insists that the court committed reversible error in his ruling and in support of this contention quotes from the text of 1 Greenleaf set out in Pollard v. Rogers, 234 Ala. 92, 173 So. 881, the exception to the general rule that a witness on re-examination may be given an opportunity of explaining statements about which he has been cross-examined, and allowed to give his own undisclosed intent, motive, or other mental state, as an explanation for having made the prior inconsistent statement.

In the instant case the question did not ask for an explanation of a former statement or admission. Instead, it called for a statement as to the defendant's uncommunicated reason for signing the checks in this manner. Such testimony was in-

admissible under the general rule of evidence as laid down in the Pollard case, supra.

Besides, the witness answered the question, the answer was not excluded, and the defendant had the benefit of this testimony.

Furthermore, if there was any error in the ruling of the court it was cured by the testimony of the witness given without objection immediately following the above incident, as follows:

"Q. Did you tell Mr. Tucker that John Rogers Appliance Company carried their account in the bank as you have it here and you signed it—as made out in the bank? A. That is the way the bank account is.

"Q. That is the way the bank account is? A. Yes, sir.

"Q. You signed it according to the way you had it in the bank? A. That is right.

"Q. Both of these checks are signed the same way on that in the bank? A. Yes, sir."

The judgment of the trial court is affirmed.

Affirmed.