118 So.2d 289

**PROTECTIVE INDUSTRIAL INSURANCE COMPANY OF ALABAMA**

v.

**Almeta GRAY.**

**6 Div. 741.**

Court of Appeals of Alabama.

Feb. 23, 1960.

Arthur D. Shores, Birmingham, for appellant.

Jas. Earl Langner, Birmingham, for appellee.

HARWOOD, Presiding Judge.

In the suit below the plaintiff claimed of the defendant $252 alleged due on a policy of hospital insurance.

The defendant filed a plea in short by consent, etc., and issue was joined.

The jury returned a verdict in favor of the plaintiff and assessed her damages at $168. Judgment was entered pursuant to the verdict.

The defendant's motion for a new trial being overruled, it perfected an appeal to this court.

In the trial below the plaintiff introduced the hospital insurance policy issued by the defendant to the plaintiff.

Under "Hospital Expense Benefits" the policy provides:

"If the Insured, because of bodily injuries or sickness covered by this policy, shall be confined within a hospital, the Company will pay the Insured or hospital, if authorized by the Insured to do so, *for the following items of actual hospital expense.*" (Italics ours.)

For the plaintiff E. M. Crumpton, an employee of the Lloyd Noland Hospital, testified that the records of the hospital showed that the plaintiff was a patient in said hospital from 17 August 1957 to 12 September 1957, and the total amount of her hospital bill was $850, of which $414.50 has been paid by the State of Alabama.

In answer to the question as to whether the balance of the bill is still due and unpaid, Mr. Crumpton replied, "We handle it as charity."

On cross-examination Mr. Crumpton testified that arrangements for the hospitalization of the plaintiff were made by the State Rehabilitation Department of the State of Alabama, and that this department has arrangements with the hospital whereby the department receives a reduced rate for patients, and that the plaintiff was taken at such reduced rates.

Mr. Crumpton could not recall whether a statement for the hospital bill was ever rendered the plaintiff but that he did receive a request for a statement from the plaintiff's attorney. He did not send a statement to plaintiff's attorney, but had sent an itemized statement to the Rehabilitation Department.

In her own behalf the plaintiff below testified on direct examination that her hospital bill was $848.25, and that she had paid nothing on the bill.

She had executed and forwarded to the defendant company a "proof of hospitalization." This document was received in evidence as Plaintiff's Exhibit No. 4. It is to be noted that in that portion of the document under "Hospital's Statement," those questions pertaining to "Class of Service Received," and "Rate per day for class of service rendered," are unanswered, that is, they are left blank.

On cross-examination the plaintiff below testified that she entered the hospital for an operation on her hand which had been deformed since early childhood.

The State of Alabama made provisions for her to enter the hospital and be operated on.

In reference to any expenses for the operation, the plaintiff testified that the hospital had never sent her a bill, had never tried to collect anything from her, and she had never paid any of the costs of the operation.

The only evidence presented by the defense was elicited through the attorney for the plaintiff below who testified to the effect that the Lloyd Noland Hospital would not send to him, upon request, any itemized bill for plaintiff's hospital costs.

Under the undisputed evidence the picture presented is that the State of Alabama, through its rehabilitation service arranged for, and assumed the responsibility, for an operation to correct a deformity in the plaintiff's hand, which deformity had existed since infancy. By arrangement between the rehabilitation service and the hospital, patients sent to the hospital by the rehabilitation service were accepted at reduced rates. The costs of the hospital and medical service for the operation on the plaintiff was $850. The State of Alabama has paid $414.50 of this amount. The balance, according to plaintiff's own witness, an employee of the hospital, was "handled as charity." The party listed on the hospital records as "responsible party," which records were introduced by the plaintiff, is shown to be "State Rehab." The plaintiff below was not billed for any hospital expense, the hospital had never tried to collect from her, and she has never paid the hospital anything.

Under the terms of the policy the defendant obligated itself to pay "items of actual hospital expense."

In its strict sense, "expense" is that which is expended or laid out. See 15A Words and Phrases, under Expenses. However, since the defendant obligated itself to pay either the insured or a hospital, if authorized to do so, items of actual expense, the term as used in the policy must be deemed to mean not only money actually paid, but obligations incurred to pay actual hospital costs.

However, as in this case, where there exists no obligation on the part of the plaintiff below, express or implied, to pay anything, the plaintiff cannot be heard to assert a claim for "items of actual hospital expense." See United States v. St. Paul Mercury Indemnity Co., 8 Cir., 238 F.2d 594.

Appellant's assignment of error No. 1 pertains to the refusal of its written requested charge No. 1, which charge was affirmative in nature.

Under the undisputed evidence the defendant was entitled to have given its request for such charge, and the refusal of this charge necessitates a reversal of this judgment.

Reversed and remanded.