147 So.2d 853

### GLOBE LIFE INSURANCE COMPANY OF ALABAMA

v.

### Virgil HOWARD.

### 7 Div. 683.

Court of Appeals of Alabama.

Nov. 13, 1962.

**622**

S. P. Keith, Jr., Birmingham, for appellant.

Embry & Whitten, Pell City, for appellee.

JOHNSON, Judge.

The Globe Life Insurance Company of Alabama appeals to this Court from a judgment suffered by it in favor of Virgil Howard in the Circuit Court of St. Clair County, Alabama, and assigns eight grounds of error committed by the trial court.

The appellee maintained this suit on an accident insurance policy purchased from the appellant company, which contracted to indemnify him for medical expenses due to sickness or injury caused by accidental means.

Howard testified that he was injured in an accident at Hanna Steel Company on April 7, 1961, at which time the premium on such insurance policy was fully paid. According to the undisputed evidence, the accident resulted in the breaking of his leg and foot and the crushing of his ankle. Howard further testified that he was hospitalized for a period of eighteen days, that he was administered an anaesthetic and hypodermic shots, that numerous x-rays were made, that gauze was used, and that he was carried to the hospital in an ambulance. The testimony further shows that appellee was treated by Dr. C. B. Thuss, of Birmingham, Alabama, and that, although he first filed a claim as required by the terms of the insurance policy, he was not paid, and according to the record no protest was made by the appellant as to the accuracy or the reasonableness of the claim prior to the date of the trial. Plaintiff's Exhibit 2 is a statement from Dr. Thuss, who made eighteen trips to the hospital to treat Howard, according to the undisputed evidence.

Appellee Howard testified that his hospital and doctor's bills had been paid by the American Mutual Insurance Company under the terms of a group insurance policy carried and paid for by his employer. Mr. Howard further testified that he had been paid Workmen's Compensation, that he did not then owe any hospital or doctor's bills arising out of his injuries, that his injuries

had not cost him one penny, and that he did not contribute anything to the group insurance carried with the American Mutual Insurance Company. In this connection we agree with the trial judge who, during the progress of the trial, properly reached the following conclusion: "Well, he was helping pay for it. It might have been that the company was simply not handing it to him and then taking it back, but certainly he was helping produce."

Following the testimony of Virgil Howard, his son Ed Howard testified that he went to the office of the Globe Insurance Company and there discussed collection of his father's claim with some individual who stated that he was in charge of the claims department, and that this person told him that a check would be mailed to his father "before the next Wednesday".

Appellant's assignment of error No. 1 charges "that the court erred in overruling Appellant's Demurrers to Appellee's Complaint as Amended", which was as follows:

"The Plaintiff claims of the Defendant the sum of Eight Hundred and no/100 ($800.00) Dollars, due on a policy whereby the defendant on the 1st day of May, 1960, insured the plaintiff against loss by reason of hospital residence, due to sickness on to wit: the 7th day of April, 1961, of which defendant has had notice. Said policy is the property of the plaintiff and was in force and effect."

Appellee amended the above complaint by adding the following: "The Plaintiff suffered loss by reason of hospital residence due to the sickness". The complaint was further amended by leave of the Court at the conclusion of the trial by adding the following: "Now comes the Plaintiff and further amends his Complaint by averring that the Plaintiff was insured against loss by reason of injury and sickness."

█ Under what purports to be the Judgment Entry in this cause, we observe the following: "defendant refiles demurrer to complaint as amended. The demurrer is overruled and the defendant pleads in short

by consent the general issue." The record contains only the above reference to a ruling on the demurrer by the court. Such language does not constitute a judgment either sustaining or overruling the demurrer; and under the rule supported by numerous decisions, our Supreme Court states that the appellant can take nothing by an assignment of error based upon such a recital. Tallassee Falls Manufacturing Co., for use, etc., v. Western Railway of Alabama, 128 Ala. 167, 29 So. 203; Jasper Mercantile Co. v. O'Rear, 112 Ala. 247, 20 So. 583. We quote in part from Alabama Fuel and Iron Co. v. Vaughan, 205 Ala. 589, 88 So. 857. " * * * the ruling on the demurrer is not available to appellant because no judgment thereon is shown by the record. A mere recital in the minute entry that the demurrer was overruled is not sufficient."

█ Under Rule 9, Revised Rules of Supreme Court, assignments of error not substantially argued in brief will be deemed waived and will not be considered by this court. The transcript of the record reveals eight assignments of error; however, in appellant's brief, there is no argument in support of assignments of error Nos. 2 and 4, and such are waived. Rogers v. W. M. Dunbar Co., 39 Ala.App. 180, 96 So.2d 710; Pierce v. Floyd, 38 Ala.App. 439, 86 So.2d 658; Foreman v. Smith, 272 Ala. 624, 133 So.2d 497.

Assignment of error No. 3 alleges error in the trial court's refusal to grant a new trial. As grounds for that motion the appellant assigned substantially the same errors to the trial court which he here assigns. These grounds were not sufficient for the trial judge to grant a new trial, and properly, the motion was overruled.

█ Assignment of error No. 5 charges that the court erred in rendering judgment in favor of appellee. This assignment is predicated upon the proposition "that there was a fatal variance between the allegations of the Amended Complaint and the proof adduced at the trial" because the complaint alleged hospitalization due to "sickness",

whereas the testimony established an "injury". We have sought the meaning of *sickness* and discovered that it has been defined to embrace *injury*. "[It is] any affection of the body which deprives it temporarily of power to fulfill its usual functions". Nat. Cas. Co. v. Hudson, 32 Ala.App. 69, 21 So.2d 568. In the following cases, sickness has been construed to include injury. Murray Hospital v. Angrove, 92 Mont. 101, 10 P.2d 577; Doody v. Davie, 77 Cal.App. 310, 246 P. 339. After a careful study of the entire record, we are constrained to hold in the light of the above definition that the plaintiff proved his alleged loss by evidence of the accidental injury which was admissible under the facts of this case to prove the allegation of sickness.

Under assignment of error No. 6 appellant insists that the trial court erred in rendering judgment in favor of appellee in view of a provision in the policy that no coverage attaches for loss or disability resulting from injury or sickness while confined to any institution wherein the insured is entitled to services without cost to him. This theory stems from appellant's contention that appellee's employment by Hanna Steel Company entitled him to free hospitalization under the organization's group policy coverage. Thus, the resulting question is whether the Hanna Steel Company, appellee's employer, is an institution within the purview of the terms of the policy. We think not. Appellant's contention that Hanna Steel Company is an "institution", as used in the policy, is untenable. The plain, ordinary and popular meaning of an "institution" when used in this connection, clearly connotes an enterprise of a healing, educational, penal, charitable, etc., nature.

The crucial language under which the appellant company seeks to deny its liability in this case is as follows: "This policy does not cover any loss or disability resulting wholly or partly, in or from * * * injury or sickness while confined to any institution wherein the insured is entitled to services without cost to himself." We construe these words to mean that the insurance company is not liable if the insured is injured or becomes sick while he is confined to an institution in which he is entitled to services without cost to him.

The rule in Alabama is well settled to the effect that a contract of insurance will be construed strictly against the insurer and liberally in favor of the insured. See 12 Ala.Dig. Insurance ⚖️146(3). Also, it is said that the terms of a policy are construed in their plain, ordinary and popular usage (Lingo v. Gulf Life Ins. Co., 32 Ala. App. 525, 27 So.2d 697, cert. den. 248 Ala. 367, 27 So.2d 700), and are to be given a rational and practical construction. (National Life and Acc. Ins. Co. v. Davies, 34 Ala. App. 290, 39 So.2d 697, cert. den. 252 Ala. 107, 39 So.2d 703).

Further, we think appellant can take nothing under his argument that the case of Protective Industrial Ins. Co. of Ala. v. Gray, 40 Ala.App. 578, 118 So.2d 289, is analogous to the situation in the present case. Appellant's argument is that liability attaches only for "items of actual hospital expense" and that if no such expense actually occurred, and if none was actually paid by insured, the insurer has no liability for "items of actual hospital expense". The fallacy of this argument is seen by contrasting the divergent facts found in the two cases. As we interpret the Gray case, the facts were that treatment was of a charitable nature. There was no actual cost incurred and no obligation to pay. An employee of the hospital testified, "We handle it as charity." The hospital accepted the insured as a patient at the instigation of the State Rehabilitation Department, which charitable arm of the state paid half of the hospital costs, and the other half of the costs was handled as charity by the hospital. There was never a legal obligation on the insured to pay. Conversely, in the case at bar, the charges made by the hospital for services and supplies placed on appellee a definite obligation to pay. The fact that arrangement for the payment of this obligation by the American Mutual Insurance Company had been made before that obligation arose does not negate the fact that appellee was primarily liable.

The following reasoning leads us to find no error in assignment No. 7. The payment of the charges made for the medical services by the American Mutual Insurance Company is some evidence of the reasonableness of the charges, and the trial judge had to consider only the matter of credibility. Counsel has cited no authority construing the words "usual and customary charge" or similar language in any injury and sickness policy, and we are unable to find any such pronouncement by an Alabama court. The language of the policy with reference to the insurance company paying "the usual and customary charge" but not to exceed a specified amount is some evidence that the amount so specified is not beyond the realm of reason. Commercial Travelers Cas. Co. v. Johnson, 217 S.W.2d 160 (Court of Civil App. of Tex.).

Understanding the practicalities of litigation in the case before us, the trial judge ruled, "I am not going to put them [plaintiff] to the expense of bringing a doctor up here from Birmingham to testify when I know that the doctor would probably charge them a hundred dollars to come up here, and all they're claiming is $10.00 for it [x-rays]." Though the expense of proof may not be so great in other instances, the wisdom of the trial judge in this remark is apparent.

· In Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A.L.R. 840, the plaintiff claimed damages resulting from injuries caused by her falling from a chair which broke in defendant's theater, and the court said:

"If the subject be a matter of common knowledge, and the nature of the charge or expense be before the jury, the sum paid may serve as some evidence of reasonable value in the absence of evidence to the contrary."

Although the reasonableness of medical expenses may not yet be common knowledge, such is or should be within the contemplation of parties who buy and sell the risk of the occurrence of such expenses.

The evidence before the court is without contradiction as to the reasonableness of the charges which are the basis of this litigation and we find assignment of error No. 7 to be without merit.

We find no error in assignment No. 8. The plaintiff proved a prima facie case by introduction of the policy, proof of loss resulting from accidental injury, and notice and proof thereof as provided by the policy. North Carolina Mutual Life Ins. Co. v. Coleman, 32 Ala.App. 287, 26 So.2d 114, cert. den. 248 Ala. 32, 26 So.2d 120; Pilot Life Ins. Co. v. Hawkins, 222 Ala. 218, 131 So. 889; National Life & Acc. Ins. Co. v. Winbush, 215 Ala. 349, 110 So. 571; United Benefit Life Ins. Co. v. Dopson, 232 Ala. 625, 169 So. 287. The fact that plaintiff was indemnified for the same loss by another insurance company does not relieve appellant of its obligation to pay. The appellant so contracted by including in the policy the provisions that "All benefits provided herein will be paid to the insured or beneficiary in addition to Workmen's Compensation or any other insurance the insured may have."

The judgment of the lower court is, therefore,

Affirmed.