113 N.J. Super. 548 (1971)
274 A.2d 597
ALFRED DILLIONE, PLAINTIFF-APPELLANT,
v.
DEBORAH HOSPITAL, THE TRAVELERS INSURANCE COMPANY, AND HOSPITAL SERVICE PLAN OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 18, 1971.
Decided March 5, 1971.
*550 Before Judges CONFORD, KOLOVSKY and CARTON.
Mr. John W. Devine argued the cause for appellant (Messrs. Pellettieri and Rabstein, attorneys).
*551 Mr. George H. Hohweiler argued the cause for defendant Deborah Hospital (Messrs. Orlando & Orlando, attorneys).
Mr. Martin P. Devlin, Jr. argued the cause for defendant The Travelers Insurance Company (Messrs. Lenox, Giordano, Devlin & Barlow, attorneys).
The opinion of the court was delivered by CONFORD, P.J.A.D.
Plaintiff had open-heart surgery and attendant hospitalization at the defendant Deborah Hospital in Browns Mills from October 9, 1967 to November 11, 1967. Through his employer he was covered for certain medical benefits on a group policy issued by defendant The Travelers Insurance Company. He was also a subscriber for "Blue-Cross" hospitalization benefits with the defendant Hospital Service Plan of New Jersey.
Plaintiff sued all three defendants on theories which, as to Travelers and Deborah, will be explained below. They, as well as Hospital Service, were granted summary judgment in the Law Division, but plaintiff appeals only as to the first two defendants mentioned.
Plaintiff's action against Travelers is based upon the group policy aforementioned. The company at one time paid Deborah $2,523.60 for hospital services rendered plaintiff, but later demanded and received the money back from Deborah on the representation that its policy did not cover plaintiff's treatment at that institution. The position of Travelers was that its policy excluded coverage for these services by reason of a provision therein reading:
"Exclusions * * *
4. In no event will the employee's benefit be payable * * * (d) for any confinements, treatments, services or supplies * * * for which the employee incurred no expense."
It is Travelers' contention that plaintiff "incurred no expense" in connection with his stay and treatment at the hospital as he paid nothing therefor and the hospital is *552 asserting no claim against him in connection therewith. The trial court found this position to be well taken.
Plaintiff's claim against Deborah is based on the assertion that it wrongfully returned to Travelers the $2,523.60 which that company had paid the hospital as aforesaid and also that the hospital has been "overpaid."
The factual picture emerging from the pleadings, pre-trial contentions, affidavits on the motions for judgment and data supplied this court on and after oral argument at our request leaves some factual uncertainty. We have concluded that this is at least in part, legally material to the question of the liability of Travelers and precludes sustaining summary judgment in favor of that defendant.
Before plaintiff was admitted to the hospital, Deborah's administrator wrote to the medical director of the New Jersey Rehabilitation Commission on September 9, 1967 enclosing medical data on plaintiff's case, stressing the importance of treating him "as soon as possible," and requesting notification whether "this application is acceptable under the Rehabilitation Program." As the Commission ultimately did make substantial payments to Deborah in relation to this case, it is inferable that the letter related to a request that the Commission agree to defray either in whole or in part the expense of plaintiff's anticipated treatment as a "vocational rehabilitation service" pursuant to the Commission's statutory authority under N.J.S.A. 34:16-27. We are informed that the Commission verbally assented to the application before the plaintiff entered the hospital. The precise extent of the obligation assumed, however, is not known to us (and is not reflected by the record). The Commission is not a party to this appeal.
When plaintiff entered the hospital he signed a writing reading as follows:
ASSIGNMENT OF INSURANCE BENEFITS: I hereby authorize payment directly to Deborah Hospital of the Hospital Benefits herein specified and otherwise payable to me but not to exceed the hospital's regular charges for this period of hospitalization. I understand *553 I am financially responsible to the hospital for charges not covered by this assignment.
There was apparently no specification of the particular "hospital benefits" on the writing, but no one contends that any proceeds payable under the Travelers' policy were not intended to be included. Whether this was a standard form or a writing specifically prepared to cover this plaintiff's relationship with the hospital is not known. There is no affidavit by plaintiff in the record.
An affidavit by Deborah's administrator states that its charge for plaintiff's hospitalization (apparently not inclusive of physicians' charges) was $2,767  its "standard charge" for such services. Bills for that amount were rendered both to Hospital Service and to Travelers. Hospital Service paid the hospital $660, the limit of its subscription liability, on November 27, 1967. Travelers paid it $2,523.60 on December 8, 1967. In January 1968 Travelers informed Deborah that its payment had been made in error because the policy "did not provide coverage" in the matter. On September 13, 1968 Travelers wrote the hospital stating that effective July 1, 1968 it would "consider for reimbursement, under our policy coverages, the charges made by Deborah Hospital for medical and surgical treatment provided such charges are not made because of the existence of insurance coverage * * * We have advised our offices of the recognition of your hospital. * * *." On September 20, 1968 Deborah returned to Travelers the $2,523.60 aforesaid and the amount of two other "erroneous payments" theretofore made to it by Travelers in other cases.
Deborah's statement of factual and legal contentions filed in the cause states that its total "hospital charges" were $2,767 and its total "doctors' charges" were $2,575. It received from the Rehabilitation Commission a total of $4,085, but how this was intended to be applied as between hospital and doctors' charges is not specified. The hospital asserts that, crediting plaintiff's account for all moneys received *554 from Hospital Service and the Rehabilitation Commission, a balance is due it on account of hospital and doctors' charges of $597. It asserts no claim therefor against plaintiff, but avers that if any recovery is allowed plaintiff against it in this action it should be allowed a set-off of that sum.
The central issue argued below and on this appeal is whether Travelers is liable to plaintiff for the amount of the hospital charges. That depends on the construction of the policy exclusion: "services" etc., "for which the employee incurred no expense." We need not cite the many cases which hold that an insurance policy must be read to afford the insured that coverage which the average purchaser would fairly expect from an ordinary reading of the language of the contract. Moreover, exclusionary clauses are strictly construed against the insurer if doubtful or ambiguous in meaning. See Hunt v. Hospital Service Plan of N.J., 33 N.J. 98, 102 (1960).
The general rule is that the insured will not be barred from recovery on a policy providing for payment of hospital or medical services, etc. for which he has "incurred expense," or similar language, by mere reason of the availability of collateral means of discharging his liability therefor so as to have relieved him of the need to pay the charges personally. American Indemnity Co. v. Olesijuk, 353 S.W.2d 71 (Tex. Ct. Civ. App. 1961); Graham v. Reserve Life Ins. Co., 274 N.C. 115, 161 S.E.2d 485 (Sup. Ct. 1968); Globe Life Ins. Co. of Alabama v. Howard, 41 Ala. App. 621, 147 So.2d 853 (App. Ct. 1962). Cf. Kopp v. Home Mutual Ins. Co., 6 Wis.2d 53, 94 N.W.2d 224 (Sup. Ct. 1959); Rubin v. Empire Mutual Ins. Company, 25 N.Y.2d 426, 306 N.Y.S.2d 914 (Ct. App. 1969); Feit v. St. Paul Fire & Marine Ins. Co., 209 Cal. App.2d Supp. 825, 27 Cal. Rptr. 870 (Super. Ct. 1962).
Where, however, the holder of a policy covering "expense incurred" for hospital charges received free care at a United States Veterans Hospital for which by federal law the hospital could make no charge against him, the holding was *555 that since the plaintiff was entitled to free treatment he had incurred no expense and was therefore not entitled to recover on the policy. Drearr v. Connecticut General Life Ins. Co., 119 So.2d 149 (La. Ct. App. 1960). In accord: United States v. St. Paul Mercury Indemnity Co., 238 F.2d 594 (8 Cir.1956) ("expenses actually incurred by the insured"). Distinguish American Indemnity Co. v. Olesijuk, supra, where the insured was in naval service and received treatment for injuries sustained in an accident in a civilian hospital, with the Navy paying the bill pursuant to its legal obligation to the serviceman. There recovery was allowed under the policy, the court reasoning that the insured was subject to an implied contract to pay the hospital for the services when he entered the institution and that the payment therefor by another did not militate against the insurer's liability on the policy.
Further developing the distinction between cases where the insured has a primary obligation to pay the hospital and those where he does not is Protective Industrial Ins. Co. of Alabama v. Gray, 40 Ala. App. 578, 118 So.2d 289 (App. Ct. 1960). The policy there confined coverage to "actual hospital expense." The insured was treated at a hospital under an arrangement with the State Rehabilitation Department whereby a portion of the bill would be paid by the Department and the remainder treated by the hospital "as a charity item." The Department made the arrangements for the hospitalization, and the hospital records showed a billing on the case only to "State Rehab." The court held against liability on the policy because the insured had never incurred any obligation whatever on the hospital transaction.
There is no New Jersey case in point. Applying what we regard as the rational distinction distilled from the cited authorities, it appears to us that plaintiff in the instant case can be said to have incurred the expense for which Travelers insured him if there existed between himself and Deborah at the time he entered the hospital an *556 understanding that he was primarily liable to Deborah for all or part of the services to be rendered and would pay for them should the expense ultimately not be met by some other source, whether the Rehabilitation Commission or insurance proceeds. The mere fact that, despite such an understanding, if it existed, it was contemplated or expected that other sources would be available to defray the bill in whole or in part would not dissipate Travelers' liability for so much of the expense as plaintiff was primarily liable for. If, on the other hand, Deborah's understanding with plaintiff, or with the Rehabilitation Commission on plaintiff's behalf as a donee-beneficiary, was that plaintiff was under no circumstances to be liable to Deborah, the latter being content to resort solely to such rehabilitation or insurance moneys, if any, as might be available, plaintiff would have incurred no expense and Travelers would not be liable.
The foregoing criteria cannot be applied on the incomplete evidence afforded by this record, whether or not it is amplified by the information elicited by us subsequent to the argument. Plenary proofs are necessary. The insurance company will assume the burden of proof at the trial, since it is invoking an exclusionary clause of its policy.
Travelers' alternative defense of plaintiff's assignment to the hospital will not stand. The assignment was a security device and the hospital makes no claim on it against anyone. Plaintiff, as the insured, is therefore the party entitled to recover on the policy if Travelers is liable at all.
As to plaintiff's claim against Deborah, we find no legal basis for a cause of action. Obviously, if plaintiff is found to have been without a cause of action against Travelers on the policy, there would be no just basis for any complaint by him that Deborah returned to Travelers money which the latter did not owe to plaintiff and was under no legal liability to apply to the hospital bill on his behalf. But even if Travelers was liable on the policy the fact remains that plaintiff had assigned the proceeds thereof to Deborah (to the extent of the hospital charges, which *557 are not asserted to have been less than the Travelers' payment). Plaintiff would thus clearly have had no claim against Deborah if it had retained the funds pursuant to that assignment and applied them to the charges. In the light of that consideration we cannot see how an equitable claim against Deborah emerges in favor of plaintiff by reason of the circumstance that, instead of retaining the money assigned to it, it chose to refund it for whatever reason to the insurance company.
In any case, it would clearly be inequitable to permit plaintiff to have double recovery against both the hospital and the insurance company for the same insurance proceeds.
Finally, we see no merit in the claim by plaintiff that the hospital has been "overpaid," at least insofar as any cause of action against it by plaintiff is concerned.
We conclude that the judgment should be affirmed insofar as it was awarded to defendant Deborah but reversed insofar as entered in favor of defendant Travelers. Remanded for trial as against Travelers.